IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                          Criminal Case No. 3:24cr094

MAURICE TYQUAN BROWN,

　　Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Maurice Tyquan Brown's Motion to Dismiss the Indictment (the "Motion to Dismiss" or "Motion"). (ECF No. 16.)[1] In the Motion, Mr. Brown contends that his indictment under 18 U.S.C. § 922(g)(1)[2] is unconstitutional both facially and as applied to him because laws that restrict a felon from possessing a firearm as a felon "violate[] his Second Amendment right to keep and bear arms." (ECF No. 16, at 1.) For the reasons articulated below, the Court will deny the Motion. (ECF No. 16.)

---

[1] The Court employs pagination assigned by the CM/ECF docketing system.

[2] Section 922(g)(1) provides:

　(g) It shall be unlawful for any person—

　　(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
　　　＊　＊　＊
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I.  Procedural History and Findings of Fact

### A.      Factual Background

The United States alleges that "[o]n or about March 6, 2024," Mr. Brown "knowingly possess[ed] a firearm" while also "knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." (ECF No. 1, at 1.)

### B.      Procedural History

On June 25, 2024, the United States filed an Indictment against Mr. Brown. (ECF No. 1, at 1.) On July 14, 2025, Mr. Brown filed the Motion to Dismiss. (ECF No. 16.)

## II.  Standard of Review

### A.      Motion to Dismiss Indictment Under Fed. R. Crim. P. 12

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Mr. Brown raises facial and as-applied challenges to the constitutionality of § 922(g)(1), arguing that it violates the Second Amendment. (ECF No. 16, at 1.) "Fed. R. Crim. P. 12(b)(3)(B) permits a court to dismiss a defective indictment. An indictment is defective if it alleges a violation of an unconstitutional statute." *United States v. Brown*, 715 F.Supp.2d 688, 689 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)); *see also United States v. Hill*, 703 F.Supp.3d 729, 732 (E.D. Va. 2023).

### B.      Facial and As-Applied Challenges

"To succeed in a facial constitutional challenge, a movant 'must establish that no set of circumstances exists under which the [law] would be valid.'" *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating that a facial

2

challenge can only succeed when a party shows "that the law is unconstitutional in all of its applications"). "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

"By contrast, '[a]n as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]'" *Hill*, 703 F.Supp.3d at 733 (quoting *United States v. Mgmt. Consulting, Inc.*, 636 F.Supp.3d 610, 619 (E.D. Va. 2022)). An as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

### III. Analysis

Mr. Brown contends that his indictment should be dismissed because the statute under which he is indicted, 18 U.S.C. § 922(g)(1), is unconstitutional both facially and as applied. Mr. Brown argues that § 922(g)(1) is unconstitutional because: (1) "[t]he Second Amendment's 'plain text' entitles 'the people,'" such as Mr. Brown, "the right to keep and bear arms"; and (2) there is "no historical regulation or statute that is distinctly similar to § 922(g)(1)." (ECF No. 16, at 3.)

This Court already has carefully considered and rejected many of the arguments Mr. Brown raises in his Motion. *See United States v. Holbert*, 2025 WL 242537 (E.D. Va. Jan. 19, 2025) (holding that under an analytical framework permissible even after *Rahimi*, existing Fourth Circuit caselaw upholding the constitutionality of § 922(g)(1) both facially and as-applied to all felons remains binding) (citing *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024) ("*Canada II*") and *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024)).

3

When considering its earlier decision in *United States v. Canada* on remand, the Fourth Circuit declared 18 U.S.C. § 922(g) facially constitutional. *Canada II*, 123 F.4th at 161; *see also Holbert*, 2025 WL 242537, at *3. Shortly afterward, the Fourth Circuit declared Section 922(g)(1) constitutional as applied "without regard to the specific conviction that establish[es a felon's] inability to lawfully possess firearms." *Hunt*, 123 F.4th at 700; *see also Holbert*, 2025 WL 242537, *3. Not only did the Fourth Circuit reject the need for a "felony-by-felony" analysis, but it also deemed Section 922(g)(1) constitutional as applied under the Supreme Court's *Bruen* analysis. *Hunt*, 123 F.4th at 700–08 (holding that "neither *Bruen* nor *Rahimi* meets this Court's stringent test for abrogating otherwise-controlling circuit precedent and that our precedent on as-applied challenges thus remains binding" and that § 922(g)(1) would survive Second Amendment scrutiny even under a *Bruen* analysis); *see also Holbert*, 2025 WL 242537, *5–7 (both citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)).

This Court sees no reason to deviate from its prior analysis and instead adopts in full the reasoning previously set forth in *United States v. Holbert*, including its *Bruen* commentary. *See Holbert*, 2025 WL 242537.

### III. Conclusion

For the foregoing reasons, the Court will DENY Mr. Brown's Motion to Dismiss. (ECF No. 16.)

An appropriate Order shall issue.

Date: 07/15/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

4